IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ICON HEALTH & FITNESS, INC.,<br><br>            Plaintiff,<br><br>vs.<br><br>KEYS FITNESS, INC. a Texas corporation, and KEYS BACKYARD, LP, a Texas company,<br><br>            Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 1:06-CV-87-TC |

      These claims of patent infringement, trademark infringement, and unfair competition come before the court on a Motion to Dismiss, Stay, or Transfer Venue by Defendants Keys Fitness, Inc., and Keys Backyard, LP (collectively "Keys" except when specifically noted). Keys's motion has three bases. First, Keys asserts that the court lacks subject matter jurisdiction. Second, Keys requests that the court exercise its discretion to stay or dismiss this proceeding under the abstention doctrine articulated in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Keys raises the abstention issue because there is an on-going action in Texas state court ("the Texas Action") between essentially the same parties concerning some of the events that give rise to the trademark infringement allegations raised here. Third, Keys asks this court to transfer the case to a federal court in Texas, arguing that venue is more convenient to the parties.

      For the reasons described below, the court holds that: (1) it has subject matter jurisdiction

over this action; (2) abstention under Colorado River is inappropriate because this case is not parallel to the Texas Action; and (3) transferring venue would not adequately serve the convenience of the parties.

**BACKGROUND**[1]

Icon IP, Inc., and Keys Backyard entered into a trademark licensing agreement ("License Agreement") in January 2005.  The License Agreement authorized Keys Backyard to use certain of Icon IP's trademarks.  At the same time, Icon IP and Keys Backyard entered into a sublease agreement for real property in Texas.

On February 17, 2006, Icon Health & Fitness, Inc. ("Icon") and Icon IP sued Keys Backyard in Texas state court for money owed due to an alleged breach of the License Agreement and the sublease agreement.  In the Texas complaint, Icon and Icon IP alleged:

> Keys breached the License Agreement by failing to make any quarterly payments to Icon IP and by failing to provide quarterly summaries to Icon IP regarding the sale of Qualified Products. Furthermore, Keys breached the License Agreement by refusing to allow Icon IP to inspect and audit Keys' books of account to ascertain the amount of Qualified Products sold by Keys and the amount of royalty payments payable to Icon IP. Despite demand by Icon IP, Keys has failed and refused to pay the sums due and owing under the terms of the License Agreement and has failed to allow for an inspection and audit of Keys' books of account.

(Texas Compl. ¶ 14, attached as Ex. 2 of Keys's Mem. Supp.)  The Texas state court entered an Agreed Uniform Scheduling Order establishing an initial trial date of March 7, 2007.

Icon brought this action on July 28, 2006.  Three days later, on July 31, 2006, Icon mailed a letter to Keys Backyard purporting to terminate the License Agreement.

Relying extensively on the fact that this action was filed before Icon mailed the July 31,

---

[1]The court discusses only those facts necessary to decide the issues.

2006 termination letter, Keys argues that Icon's claims are limited to whether there was a breach of the License Agreement, which the Texas Action will determine.  Keys asserts that Icon would have no trademark infringement claims if the court in the Texas Action rules that Keys did not breach the License Agreement.  Accordingly, Keys moved for this court to dismiss this case for lack of subject matter jurisdiction, stay the proceeding until the completion of the Texas Action, or transfer this case to the Northern District of Texas.

## ANALYSIS

**A.     The Court Has Subject Matter Jurisdiction**

Keys argued that the court lacks subject matter jurisdiction because Icon filed the complaint in this action before mailing the letter to terminate the License Agreement.  As Keys has conceded, however, the court has subject matter jurisdiction over Icon's patent infringement claims under 28 U.S.C. § 1338(a).  ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.").  Therefore, there is no question that the court has subject matter jurisdiction over this case.

**B.     The *Colorado River* Abstention Doctrine Does Not Apply**

Even though Keys now admits that the court has subject matter jurisdiction over the patent claims, Keys requests that the court stay or dismiss the trademark and unfair competition claims under the Colorado River abstention doctrine.  But because the Texas Action cannot resolve all of the trademark and unfair competition issues presented, this case is not a parallel proceeding as required for abstention.

The Colorado River abstention doctrine was set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). The doctrine provides that

> federal courts may decline to exercise their jurisdiction, in otherwise "'exceptional circumstances'" where denying a federal forum would clearly serve an important countervailing interest, for example, where abstention is warranted by considerations of "proper constitutional adjudication," "regard for federal-state relations," or "wise judicial administration."

Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (internal citations omitted) (quoting Colorado River, 424 U.S. at 813, 817). Stated another way, "federal courts have the power to refrain from hearing . . . cases which are duplicative of a pending state proceeding." Id. at 717 (citing Colorado River, 424 U.S. at 817); accord Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999) ("the Colorado River Doctrine was adopted to avoid duplicative litigation").

> Because the Colorado River Doctrine springs from the desire for judicial economy, rather than from constitutional concerns about federal-state comity, and because the Colorado River Doctrine is an exception to our jurisdictional mandate from Congress, the Doctrine may only be used when "the clearest of justifications . . . warrant[s] dismissal."

Rienhardt, 164 F.3d at 1303 (quoting Colorado River, 424 U.S. at 817).

Before a court even considers whether a case presents the "exceptional circumstances" to justify abstention, a court must determine if the state and federal proceedings are parallel. Fox v. Maulding, 16 F.3d 1079, 1081 (10th Cir. 1994) ("Before examining these factors, however, a federal court must first determine whether the state and federal proceedings are parallel. "). Suits are deemed parallel when the state action will resolve all substantive issues between substantially the same parties, leaving nothing substantive for the federal court to consider. Id. at 1081-82. "[G]rant[ing] a stay or dismissal under the Colorado River doctrine would be 'a serious abuse of discretion' unless 'the parallel state-court litigation will be an adequate vehicle for the complete

and prompt resolution of the issue between the parties.'" Id. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983)).  Rather than consider how the state proceedings could have been brought, a court must "examine the state proceedings *as they actually exist* to determine whether they are parallel to the federal proceedings."  Id. (emphasis in original).

Because the parties will not fully litigate Icon's trademark infringement and unfair competition claims in the Texas Action, the proceedings are not parallel.[2]  The parties agree that a threshold issue in the Texas Action is whether Keys breached the License Agreement and that such determination is relevant to Icon's trademark claims.  But in this proceeding, Icon alleges unfair competition and ongoing and continuous infringement, including allegations that infringement has persisted after the License Agreement was terminated.  The Texas Action will not address these allegations.  Whether Keys breached the License Agreement by failing to pay Icon under the terms of that agreement will not completely determine whether Keys has infringed the trademarks.  Therefore, the two proceedings are not parallel under the Colorado River doctrine.

**C.    Transferring Venue Is Not Appropriate**

Finally, Keys requests that the court transfer this proceeding to the Northern District of

---

[2]The parties in the federal action are not identical to those in the state action.  According to the complaint of the Texas Action, Icon and Icon IP sued Keys Backyard.  In this case, Icon is the only named plaintiff, suing Keys Backyard, as well as Keys Fitness.  Neither party has argued that these differences render the Colorado River doctrine inapplicable, as the parties' interests are intertwined.  See D.L. v. Unified Sch. Dist. No. 497, 392 F.3d 1223, 1230 (10th Cir. 2004) (holding that familial relationship between mother and minor child and relationship between employee and employer were sufficient to find that parties were identical for purposes of Younger abstention).

Texas under 28 U.S.C. § 1404(a). Because Keys has not met its burden of showing that convenience of the parties supports such a transfer, this court will retain jurisdiction.

Congress allows change of venue "for the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Although this statute allows for a change of venue, the requesting party "bears the burden of establishing that the existing forum is inconvenient." Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991). Because courts are highly deferential to a plaintiff's forum selection, "unless the circumstances of the case weigh heavily in favor of the transfer, the plaintiff's choice should not be disturbed." Frontier Federal Sav. & Loan Ass'n v. National Hotel Corp., 675 F. Supp. 1293, 1301 (D. Utah 1987). To assess this heavy burden, courts consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflicts of law; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

Id. (quoting Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)).

The parties agree that this matter will require significant discovery in both Utah and Texas, and both parties have asserted that several key witnesses reside in each locale. Although the parties dispute the proportionate discovery to occur in each jurisdiction, Keys has not persuaded the court that Icon's venue selection is sufficiently inconvenient to merit transfer. Accordingly, Keys's motion to transfer is denied and this court will retain jurisdiction over this

proceeding.

## ORDER

For the foregoing reasons, Keys's Motion to Dismiss, Stay, or Transfer Venue is DENIED.

DATED this 24th day of January, 2007.

        BY THE COURT:

        *Tena Campbell*
        TENA CAMPBELL
        United States District Judge